**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

IN RE:

CHARALABOS G. ATHANATUS,

      Debtor.

Case No. 16-50181

Chapter 13

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY. THERE WILL BE A HEARING ON THIS MATTER ON NOVEMBER 3, 2016 AT 9:00 A.M., UNITED STATES COURTHOUSE, 1300 VICTORIA ST., LAREDO, TX 78040.**

RREF CB SBL II-TX CA, LLC, a Texas limited liability company, ("RREF") and a party in interest in this cause, by and through its attorney, moves this Court to lift the automatic stay as to certain property of Charalabos G. Athanatus, the Debtor in the above-captioned action (the "Debtor"). This property serves as the collateral for a loan assigned to RREF.

Under 11 U.S.C. § 362(d)(4), RREF is entitled to stay relief for cause because the Debtor's present bankruptcy filing is part of an effort to delay and hinder RREF's foreclosure sale of its collateral property, and represents the Debtor's second bankruptcy filing in just over a year. RREF is also due stay relief under 11 U.S.C. § 362(d)(2), because the Debtor has no equity in the subject property, as the Debtor has scheduled a value for the property which is less than the debt owed to RREF. In further support of this motion, RREF states as follows:

{M1246131.2}

## JURISDICTION

The Bankruptcy Court has jurisdiction over this proceeding pursuant to 11 U.S.C. § 1334. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A)(g).

## BACKGROUND

1.      On December 11, 2000, the Debtor obtained real property in Webb County, Texas by virtue of that certain Warranty Deed With Vendor's Lien, recorded in Book Vol. 994, Page 578 in the real property records of Webb County, Texas (the "Warranty Deed").

2.      The real property is legally described as follows in the Warranty Deed:

> LOT NUMBER TWO (2), BLOCK NUMBER THREE HUNDRED SIXTY-SEVEN (367), WESTERN DIVISION, OF THE CITY OF LAREDO

The Warranty Deed has the real property's address as 1801 San Bernardo Ave., Laredo, Texas 78040 and bears has the following tax identification number 108-00367-020.

3.      The Debtor executed and delivered that certain Promissory Note dated April 22, 2005 in the original principal amount of $208,879.09 to South Texas National Bank of Laredo (the "Note").

4.      The Debtor executed and delivered that certain Homestead Lien Contract and Deed of Trust to South Texas National Bank of Laredo, dated April 22, 2005 and recorded on May 4, 2005 in Book 1822, at Page 157 in the real property records of Webb County, Texas; Document I.D. No. 876324 (the "Deed of Trust") securing repayment of the Note with the property described therein, being the same property described in the Warranty Deed.

5.      The Deed of Trust secures repayment of the Note with the following real property:

> THE SURFACE ESTATE ONLY IN AND TO LOT TWO (2), BLOCK THREE BLOCK NUMBER THREE HUNDRED

SIXTY-SEVEN (367), WESTERN DIVISION, SITUATED IN
THE CITY OF LAREDO, WEBB COUNTY, TEXAS

The Deed of Trust has the address of the above-described property as 1801 San Bernardo Ave.,

Laredo, Texas 78040 and bears the following tax identification number 108-00367-020 (the

"Property").

6.      The Debtor executed and delivered to South Texas National Bank of Laredo that

certain Extension of Real Estate Note and Lien dated July 22, 2005 in the original principal

amount of $208,879.09, which lists a maturity date of April 8, 2025 and secures repayment

thereof with the Property, and was recorded on September 16, 2005 in Book 1920, at Page 415 in

the real property records of Webb County, Texas; Document I.D. No. 892816.

7.      The Debtor executed and delivered to Compass Bank, successor-in-interest to

South Texas National Bank of Laredo, that certain Modification and Extension Agreement dated

August 13, 2009 which lists a maturity date of September 22, 2029.

8.      Compass Bank, successor-in-interest by merger to South Texas National Bank of

Laredo assigned, transferred and indorsed the Note (as renewed and amended) by allonge, dated

August 9, 2012, to RREF CB SBL II Acquisitions, LLC.

9.      The Note, Deed of Trust, and Extension Note and Deed was assigned and

delivered by Compass Bank, successor-in-interest to South Texas National Bank of Laredo to

RREF CB SBL II Acquisitions, LLC by that certain Assignment of Loan Documents dated

August 9, 2012 and recorded on August 21, 2012 in Book 3305, Page 524, in the real property

records of Webb County, Texas; bearing document identification number 1142902.

10.      RREF CB SBL II Acquisitions, LLC assigned, transferred and indorsed the Note

(as renewed and amended) by allonge, dated December 20, 2012, to RREF.

11.     RREF CB SBL II Acquisitions, LLC assigned and delivered the Note, Deed of Trust, and Extension Note and Deed to RREF by that certain Assignment of Security Instruments dated December 20, 2012 and recorded on January 14, 2013 in Book 3372, Page 235, in the real property records of Webb County, Texas; bearing document identification number 1142902.

12.     RREF is the owner and holder of the Note and Deed of Trust, as renewed and modified, and entitled to seek and obtain the relief requested herein.

13.     On October 7, 2013, the Debtor filed a chapter 13 bankruptcy petition in the U.S. bankruptcy court in the southern district of Texas, case no. 13-50188 (the "Bankruptcy Case").

14.     The Bankruptcy Case was dismissed without a discharge on September 4, 2015. A true and correct copy of the order of dismissal is attached hereto as **Exhibit A**.

15.     On March 3, 2016, RREF filed its Verified Petition seeking a monetary judgment on the Note and judicial foreclosure of the Deed of Trust in the District Court of Webb County, Texas, Case No. 2016-CV-F000579D3 (the "Foreclosure Action").

16.     RREF obtained a judgment on June 23, 2016 in the Foreclosure Action, which awarded RREF a monetary judgment in the amount of $258,325.18, and further entitled RREF to foreclosure of the Deed of Trust encumbering the Property.   A true and correct copy of the judgment is attached hereto as **Exhibit B**.

17.     On August 9, 2016, RREF filed its Notice of Foreclosure Sale by Substitute Trustee for foreclosure of the Property (the "Foreclosure Sale").   A true and correct copy of the Notice of Foreclosure Sale is attached hereto as **Exhibit C**.

18.     The Foreclosure Sale was scheduled to take place on September 6, 2016.

19.     On September 5, 2016, the Debtor filed voluntary petition under chapter 13 of title 11 of the United States Code initiating the present case.

20.     Due to the bankruptcy filing, RREF recorded its Notice of Cancellation of Foreclosure Sale by Substitute Trustee on September 6, 2015, as Document No. 1274444, Volume 4106, Page 350 in the Official Records of Webb County, Texas. A true and correct copy of the Notice of Cancellation of Foreclosure Sale is attached hereto as **Exhibit D**.

21.     The Debtor's schedules lists the value of the Property as $226,730.00. (Doc. 1).

22.     On September 5, 2016, the Debtor also filed a proposed chapter 13 plan (Doc. 2) (the "Plan").

23.     The Plan purports to treat RREF's claim by paying monthly payments of $1,400.00 to address RREF's mortgage, and monthly payments of "Pro-Rata" to address the mortgage arrearage.

## ARGUMENT

**A.   RREF is entitled to relief under 362(d)(4) because the present bankruptcy filing is merely an attempt to delay RREF's foreclosure efforts**

24.     Under 11 U.S.C. § 362(d)(4), a creditor "whose claim is secured by an interest in such real property" may obtain relief from the automatic stay "if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property."

25.     Section 362(d)(4) "was adopted to reduce abusive filings," and requires a showing that "the filing of this petition was part of a scheme to 'delay, hinder, and defraud.'" *In re Young*, No. 06-80534, 2007 WL 128280, at *8 (Bankr. S.D. Tex. Jan. 10, 2007) (citations omitted).

26.     As a creditor secured by the Debtor's homestead, RREF meets the threshold requirement of § 362(d)(4) because its claim is secured by an interest in real property. *In re Williams*, 533 B.R. 557, 564–65 (Bankr. N.D. Tex. 2015) ("By its plain text, relief under §

362(d)(4) against a parcel of real property is only available to 'a creditor whose claim is secured by an interest in such real property.'").

27.    The Debtor's present bankruptcy filing is clearly part of a scheme to hinder and delay RREF's ability to exercise its state court remedies with respect to the Property.

28.    The present case was filed on the eve of the Foreclosure Sale in an effort to delay the sale.

29.    More importantly, this is the Debtor's second bankruptcy filing in roughly one year. After failing to perform under his previous Chapter 13 plan, the Debtor's prior case was dismissed on September 4, 2016.  To avoid the effect of § 362(c)(3), the Debtor waited one year and one day to file his second bankruptcy case, in order to stop a foreclosure sale which had been noticed since August 9, 2016..  The Debtor made no payments during the year-long gap period between bankruptcy filings and the Court should see through to the Debtor's true motives in hindering and delaying RREF's foreclosure sale with his second bankruptcy filing.

30.    Further, a review of the Debtor's petition and schedules shows that the present filing is largely only to address one creditor, RREF.  Aside from the secured claim of RREF, scheduled in the amount of $259,642.12, the Debtor schedules only his attorney's priority unsecured fee of $1,800, and $2,354.16 in unsecured debt.  The bankruptcy filing was clearly motivated by the foreclosure efforts by RREF, the creditor comprising 98% of the Debtor's scheduled debt.

31.    The Debtor's present filing cannot be construed for any other purpose than to hinder and delay RREF from exercising its state law remedies against the Debtor and the Property.

32.     In addition to the delay the Debtor has exercised upon RREF's state law remedies, the Debtor has proposed plan treatment to RREF which proposes to pay only a fraction of what the Debtor owes RREF.

33.     RREF will be filing its proof of claim in the amount of $265,816.61.

34.     The Debtor's plan proposes to pay RREF regular monthly installments of $1,400.00 on its secured claim—roughly a quarter of what it is truly owed.

35.     Accordingly, RREF asks this Court to grant in rem relief from stay to allow RREF to foreclose on its collateral.

**B.   RREF is entitled to relief under 362(d)(2) because the Debtor lacks equity in the property**

36.     Further, under 11 U.S.C. § 362(d)(2), a creditor is entitled to relief from the stay as to certain property if it can show (1) that the debtor has no equity in that property, and (2) that the property is not necessary to an effective reorganization. The Fifth Circuit has held the second prong is satisfied if the creditor shows that there is not a reasonable possibility of a successful reorganization within a reasonable time.  *See Sutton v. Bank One, Texas Nat'l Assoc.*, 904 F.2d 327, 329 (5th Cir. 1990).  This two pronged analysis is satisfied in this case, and thus RREF is entitled to relief from the stay under section 362(d)(2) as well as 362(d)(1).

37.     In regards to the equity question, the Fifth Circuit has explained that a debtor has no equity in property if the value of the subject property is less than the encumbrances against it. *See Sutton v. Bank One, Texas Nat'l Assoc.*, 904 F.2d 327, 329 (5th Cir. 1990). Here the encumbrances against the Property exceed its value, hence the Debtor has no equity in the Property. For purposes of this motion for relief from stay, RREF is entitled to rely on the value

the Debtor assigned to the Property in the Debtor's schedules to establish lack of equity. *See In re Darosa*, 442 B.R. 173, 175 (D. Mass. 2010).

38.     In schedule A, the Debtor assigned a value of $226,730.00 to the Property. Turning to a review of the indebtedness which encumbers the Property, it is well established that a Proof of Claim is prima facie proof of the amount and basis for a claim. *See Fed. R. Bankr. P. 3001(f); Calif. State Bd. of Equalization v. Official Unsecured Creditor's Committee*, 837 F.2d 696, 698 (5th Cir. 1988).   RREF's proof of claim, which shall be filed subsequently to this motion, and prepetition judgment establishes a prima facie case for $265,816.61 in encumbrances against the Property, and the Debtor has only valued the Property at $226,730.00. Consequently, the Debtor has no equity in the Property.

39.     As stated above, the second prong of the § 362(d)(2) stay relief analysis requires that the creditor show that there is not a reasonable possibility of a successful reorganization within a reasonable time. *See Sutton,* 904 F.2d at 329. That showing can be made in this case. Not only does the Debtor's Ch. 13 Plan's proposal to make pro rata payments on arrearages violate 11 U.S.C. § 1325(a)(5)(B)(iii)'s requirement of equal monthly payments, but the $50,983.00 arrearage amount listed in the plan is well short of the more than $80,000 in pre-petition arrearages, over $20,000 of which is for force-placed property taxes.   The Debtor's Schedules show that the Debtor is retired, and even relying upon contributions from his son, the Debtor's monthly net income of $2,500 before making any payments to RREF is insufficient to make the $1,400 regular installments as well as $80,000 in pre-petition arrears.   Tellingly, the Debtor made no mortgage payments for a year prepetition and according to Schedule A/B only had $1,000.00 in his bank account at the time of filing the case.   There is nothing to suggest that

the Debtor will be able to cure and maintain RREF's claim. Thus, relief from stay is also warranted under § 362(d)(2).

**WHEREFORE,** RREF files this motion and prays the automatic stay afforded by 11 U.S.C. § 362 be terminated, after notice and an opportunity for a hearing, so as to allow RREF to exercise all rights it has against the Property, including rights to pursue attorneys' fees and costs through in rem relief. RREF further prays that any order entered on this motion to lift stay would be effective immediately, and that the court order that the stay imposed by Rule 4001 will not apply in this matter.

Pursuant to Local Rule 4001-1, I certify that I sent an email to counsel for the debtors on October 11, 2016, relaying the substance of this motion, and I invited defense counsel to call me to discuss the matter further. I did not receive a communication from the debtor's counsel prior to filing.

Dated:  October 11, 2016

Respectfully submitted,

JONES WALKER LLP
*Attorneys for RREF CB SBL II-TX CA, LLC*
201 Biscayne Blvd., Suite 2600
Miami, Florida 33131
Email:  *sdrobny@joneswalker.com*
Telephone:  (305) 679-5700
Facsimile:  (305) 679-5710

By:___*/s/ Stephen P. Drobny*_____
Stephen P. Drobny, Esq.
Fla. Bar No. 55732
**(Pending Admission *Pro Hac Vice*)**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of October, 2016, a true and correct copy of the foregoing was served on all parties listed on the attached mailing matrix, either electronically by CM/ECF or by first-class United States mail for all parties not receiving notice electronically.

*/s/ Stephen P. Drobny*
Stephen P. Drobny, Esq.

# EXHIBIT A



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**

In Re: Charalabos G. Athanatus
     Debtor

Case No.: 13−50188

Chapter: 13

**ENTERED**
**09/04/2015**

---

### ORDER OF DISMISSAL

    1.  On the chapter 13 trustee's motion, this case is dismissed. The Court's reasons for dismissal were stated on the record in open court.

    2.  The deadline for filing an application for an administrative expense in this case is set at 21 days following the entry of this Order. The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at 21 days following entry of this order.

    3.  If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of an administrative expense under § 503, if the new application only seeks allowance of the same professional fees and expenses previously requested.

    4.  This order terminates (i) all orders to the Debtor(s)' employer that require payments to the chapter 13 trustee; and (ii) all orders directing payments by ACH or EFT.

    Signed and Entered on Docket: 9/4/15.

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

CAUSE NO. 2016-CVF-000579 D3

| | | |
|---|---|---|
| RREF CB SBL-TX CA, LLC, a Texas<br>limited liability company,<br>    *Plaintiff*<br><br>v.<br><br>CHARALABOS G. ATHANATOS, an<br>Individual, PROPEL FINANCIAL<br>SERVICES, LLC f/k/a RioProp Ventures<br>d/b/a Rio Tax, LLC, a Texas limited liability<br>company, PROPEL FUNDING TEXAS 2,<br>LLC, a Delaware limited liability company,<br>and WILMINGTON TRUST, NATIONAL<br>ASSOCIATION, Trustee for PFS Tax Lien<br>Trust 2014-1, a national bank,<br>    *Respondents* | § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br>WEBB COUNTY, TEXAS<br><br><br>341ST JUDICIAL DISTRICT |

## ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

After considering Plaintiff RREF CB SBL-TX CA, LLC's, a Texas limited liability company, Motion for Default Judgment,

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment against Defendants CHARALABOS G. ATHANATOS, an Individual, PROPEL FINANCIAL SERVICES, LLC f/k/a RioProp Ventures d/b/a Rio Tax, LLC, a Texas limited liability company, PROPEL FUNDING TEXAS 2, LLC, a Delaware limited liability company, and WILMINGTON TRUST, NATIONAL ASSOCIATION, Trustee for PFS Tax Lien Trust 2014-1, a national bank, is GRANTED.

Judgment is based upon the following:

a) Defendants failed to appear and are not on active duty in the United States military;

b) the full amount of Petitioner's damages proximately caused by Athanatos' breach of the parties' agreements against Athanatos (Count 1);

c)  pre-judgment and post-judgment interest at the highest lawful rate until paid against Athanatos;

d)  all attorney's fees and costs allowed by law and contract against Athanatos;

e)  foreclosure of the Deed of Trust encumbering the Property in accordance with the terms of said Deed of Trust and applicable law to be sold by trustees or substitute trustees, and a writ of possession in accordance with rule 309 of the Texas Rules of Civil Procedure (Count 2); and

f)  such further relief as the Court may deem appropriate and to which Plaintiff may be justly entitled, including writ of possession of the real property.

Plaintiff is hereby awarded damages in the amount of two hundred fifty-eight thousand three hundred twenty-five dollars and eighteen cents ($258,325.18), plus legal interest at the legal rate from _June 23, 2016_.

Signed on this ____23rd____ day of ____June____, 2016.

_____
JUDGE PRESIDING

2

Respectfully submitted,

JONES WALKER LLP

*/s/ Ben H. Harris, III*
Ben H. Harris, III (Texas Bar No. 24063219)
Monique Garcia (Texas Bar No. 24094671)
201 S. Biscayne Blvd., Suite 2600
Miami, Florida 33131
Telephone:   305-679-5741
                      305-679-5743
Facsimile:   305-679-5710
                      305-679-5832
E-mail: bharris@joneswalker.com
              mgarcia@joneswalker.com

*Attorneys for Plaintiff,*
RREF CB SBL-TX TWO, LLC, a Texas limited liability company

STATE OF TEXAS
COUNTY OF WEBB
I HEREBY CERTIFY THAT THIS INSTRUMENT WAS
FILED ON THE DATE AND AT THE TIME STAMPED
HERON BY ME AND WAS DULY RECORDED IN THE
VOLUME AND PAGE OF THE OFFICIAL PUBLIC
RECORDS OF WEBB COUNTY TEXAS AS STAMPED
HEREON BY ME



COUNTY CLERK
WEBB COUNTY, TEXAS

Doc # 1269138
Recorded
7/6/2016 7:54:46 AM

Signed:
BY DEPUTY
MARGIE RAMIREZ IBARRA
COUNTY CLERK
Fees:  $34.00

# EXHIBIT C

## NOTICE OF FORECLOSURE SALE BY SUBSTITUTE TRUSTEE

**HOMESTEAD LIEN CONTRACT AND DEED OF TRUST**

**Dated:**          April 22, 2005

**Grantor:**       Charalabos G. Athanatos

**Original Lender:**   South Texas National Bank of Laredo

**Recorded:**   May 4, 2005 in Book 1822, at Page 153, with Document I.D. No. 876324, in the real property records of Webb County, Texas ("Register's Office")

**Secures:**      Real Estate Promissory Note in the original principal amount of $208,879.09, executed by Charalabos G. Athanatos ("Borrower" or "Grantor") and payable to the order of Original Lender

**Current Mortgagee:** RREF CB SBL II-TX CA, LLC, a Texas limited liability company

**Property to be Sold:** The real property to be sold is legally described as follows, along with improvements, personal property described and mortgaged in the Deed of Trust, and all rights and appurtenances thereto (the "Property"):

> THE SURFACE ESTATE ONLY IN AND TO LOT TWO (2), BLOCK THREE HUNDRED SIXTY-SEVEN (367), WESTERN DIVISION, SITUATED IN THE CITY OF LAREDO, WEBB COUNTY, TEXAS.

The address or other common designation of this real property is: 1801 San Bernardo, Laredo, TX 78040. If there is any discrepancy between the address and legal description, the legal description controls.

**Assignments:**      The Note and liens and security interests of the Deed of Trust were renewed and extended by that certain Extension of Real Estate Note and Lien recorded on September 16, 2005 Book 1920, at Page 415 as Document No. 892816 with the Register's Office, as further modified by that certain Modification and Extension Agreement dated August 13, 2009, and were transferred and assigned to as assigned to RREF CB SBL II Acquisitions, LLC a Delaware limited liability company by that certain Assignment of Loan Documents dated August 9, 2012 and recorded on August 21, 2012, in Book 3305, Page 524, as Document No. 1142902 with the Register's Office, who thereafter transferred and assigned the Note and the liens and security interests of the Deed of Trust to RREF CB SBL II-TX CA, LLC, a Texas limited liability company ("Beneficiary") by that certain Assignment of Security Instruments dated December 20,

2012 and recorded on January 14, 2013, in Book 3372, Page 235, as Document No. 1155569 with the Register's Office, as further modified by that certain Appointment of Substitute Trustee dated September 30, 2015 and recorded on October 2, 2015, in Book 3862, Page 336, as Document No. 1245929 with the Register's Office (as used herein the terms "Note" and "Deed of Trust" mean the Note and Deed of Trust as so modified, renewed, and assigned)

**Substitute Trustees and addresses:**

Michael Anthony Shaw, Esq.
2711 North Haskell Ave, Ste 470, LB 41, Dallas, TX 75204
Monique Garcia, Esq.
2711 North Haskell Ave, Ste 470, LB 41, Dallas, TX 75204
Brett R. Sheneman, Esq.
1001 Fannin, Suite 2450, Houston, TX 77002

**FORECLOSURE SALE:**

**DATE:**     September 6, 2016

**TIME:**     The sale will begin at 1:00 pm local time or not later than three hours after that time

**PLACE:**     Webb County Courthouse , Texas, at the following location: THE AREA JUST OUTSIDE THE NORTHWEST (PARKING GARAGE) 1ST FLOOR ENTRANCE TO THE WEBB COUNTY JUSTICE CENTER, 1110 VICTORIA STREET, LAREDO, WEBB COUNTY, TEXAS 78040 OR AS DESIGNATED BY THE COUNTY COMMISSIONER'S OFFICE, or if the preceding area is no longer the designated, at the area most recently designated by the Webb County Commissioner's Court.

**Terms of Sale:** The foreclosure sale will be conducted as a public auction and the Property will be sold to the highest bidder for cash, except that Beneficiary's bid may be by credit against the indebtedness secured by the lien of the Deed of Trust. If the sale is set aside for any reason, the highest bidder at the sale shall be entitled only a return of the funds deposited. The highest bidder shall have no further recourse against the Borrower, Lender, Beneficiary or Beneficiary's attorneys, trustees or agents.

Default has occurred in the payment of the Note and in the performance of the obligations of the Deed of Trust, including but not limited to, failure to pay property taxes, and default under the chapter 13 payment plan, case no. 13-50188, U.S. Dist. Crt. Co. Dist. of Texas. Because of those defaults, Beneficiary, the owner and holder of the Note, has requested Substitute Trustee to sell the Property, and pursuant to the Order on

Plaintiff's Motion for Default Final Judgment entered on June 23, 2016 and recorded on July 6, 2016 in Book 4072, Page 438 as Document No. 1269138 with the Register's Office. The Deed of Trust may encumber both real and personal property. Formal notice is hereby given of Beneficiary's election to proceed against and sell both the real property and any personal property described in the Deed of Trust in accordance with Beneficiary's rights and remedies under the Deed of Trust and section 9.604(a) of the Texas Business and Commerce Code.

Therefore, notice is given that on and at the Date, Time, and Place for the Foreclosure Sale described above, Substitute Trustee will sell the Property in accordance with the Terms of Sale described above, the Deed of Trust, and applicable Texas law.

If Beneficiary passes the Foreclosure Sale, notice of the date of any rescheduled foreclosure sale will be reposted and refiled in accordance with the posting and filing requirements of the Deed of Trust and the Texas Property Code.

The Foreclosure Sale will be made expressly subject to any title matters set forth in the Deed of Trust, but prospective bidders are reminded that by law the Foreclosure Sale will necessarily be made subject to all prior matters of record affecting the Property, if any, to the extent that they remain in force and effect and have not been subordinated to the Deed of Trust. For the avoidance of doubt, the Foreclosure Sale will not cover any part of the Property that has been released of public record from the lien and/or security interest of the Deed of Trust by Beneficiary. **Prospective bidders are strongly urged to examine the applicable property records to determine the nature and extent of such matters, if any.**

**Pursuant to section 51.009 of the Texas Property Code, the Property will be sold "AS IS," without any expressed or implied warranties, except as to the warranties (if any) provided for under the Deed of Trust, and at purchaser's own risk. Prospective bidders are advised to conduct an independent investigation of the nature and physical condition of the Property.**

Pursuant to section 51.0075(a) of the Texas Property Code, Substitute Trustee reserves the right to set further reasonable conditions for conducting the Foreclosure Sale. Any such further conditions shall be announced before bidding is opened for the first sale of the day held by Substitute Trustee.

## ACTIVE MILITARY SERVICE NOTICE

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United**

**States, please send written notice of the active duty military service to the sender of this notice immediately.**

Monique Garcia, Esq., Substitute Trustee
Jones Walker LLP
2711 North Haskell Ave, Ste 470, LB 41
Dallas, TX 75204
305-679-5743 / 214-515-7500

Dated:   July 25, 2016

4

# EXHIBIT D

Volume: 4105 Page: 350 - 355
Doc # 1274444
Doc Type: NOTICE
Record Date: 9/6/2016 11:19:55 AM Record By: MTJ
Fees $42.00
Margie Ramirez Ibarra, Webb County Clerk



## NOTICE OF CANCELLATION OF FORECLOSURE SALE BY SUBSTITUTE TRUSTEE

**I, MONIQUE GARCIA, SUBSTITUTE TRUSTEE, HEREBY GIVE NOTICE THAT THE BELOW-NOTICED TRUSTEE'S SALE AS SCHEDULED ON THAT DATE IS CANCELLED. I RESERVE THE RIGHT TO RE-SCHEDULE THE SALE OR PURSUE BY ANY OTHER LAWFUL MEANS THE FORECLOSURE OF THE BELOW-REFERENCED DEED OF TRUST. THIS NOTICE OF CANCELLATION SHALL NOT CONSTITUTE OR BE CONSTRUED AS A WAIVER OF ANY DEFAULT, MATURITY, OR ANY RIGHTS OR REMEDIES THAT LENDER HAS UNDER THE BELOW-REFERENCED INSTRUMENTS, AT LAW, OR EQUITY.**

**HOMESTEAD LIEN CONTRACT AND DEED OF TRUST**

**Dated:**      April 22, 2005

**Grantor:**      Charalabos G. Athanatos

**Original Lender:**   South Texas National Bank of Laredo

**Recorded:**    May 4, 2005 in Book 1822, at Page 153, with Document I.D. No. 876324, in the real property records of Webb County, Texas ("Register's Office")

**Secures:**     Real Estate Promissory Note in the original principal amount of $208,879.09, executed by Charalabos G. Athanatos ("Borrower" or "Grantor") and payable to the order of Original Lender

**Current Mortgagee:** RREF CB SBL II-TX CA, LLC, a Texas limited liability company

**Property to be Sold:** The real property to be sold is legally described as follows, along with improvements, personal property described and mortgaged in the Deed of Trust, and all rights and appurtenances thereto (the "Property"):

> THE SURFACE ESTATE ONLY IN AND TO LOT TWO (2), BLOCK THREE HUNDRED SIXTY-SEVEN (367), WESTERN DIVISION, SITUATED IN THE CITY OF LAREDO, WEBB COUNTY, TEXAS.

The address or other common designation of this real property is: 1801 San Bernardo, Laredo, TX 78040.  If there is any discrepancy between the address and legal description, the legal description controls.

**Assignments:**     The Note and liens and security interests of the Deed of Trust were renewed and extended by that certain Extension of Real Estate Note and Lien recorded on September 16, 2005 Book 1920, at Page 415 as Document No. 892816 with the Register's Office, as further modified by that certain Modification and Extension Agreement dated August 13, 2009, and were transferred and assigned to as assigned to RREF CB SBL II Acquisitions, LLC a Delaware limited liability company by that certain Assignment of Loan Documents dated August 9, 2012 and recorded on August 21, 2012, in Book 3305, Page 524, as Document No. 1142902 with the Register's Office, who thereafter transferred and assigned the Note and the liens and security interests of the Deed of Trust to RREF CB SBL II-TX CA, LLC, a Texas limited liability company ("Beneficiary") by that certain Assignment of Security Instruments dated December 20, 2012 and recorded on January 14, 2013, in Book 3372, Page 235, as Document No. 1155569 with the Register's Office, as further modified by that certain Appointment of Substitute Trustee dated September 30, 2015 and recorded on October 2, 2015, in Book 3862, Page 336, as Document No. 1245929 with the Register's Office (as used herein the terms "Note" and "Deed of Trust" mean the Note and Deed of Trust as so modified, renewed, and assigned)

**Substitute Trustees and addresses:**

> Michael Anthony Shaw, Esq.
> 2711 North Haskell Ave, Ste 470, LB 41, Dallas, TX 75204

> Monique Garcia, Esq.

2711 North Haskell Ave, Ste 470, LB 41, Dallas, TX 75204

Brett R. Sheneman, Esq.
1001 Fannin, Suite 2450, Houston, TX 77002

## FORECLOSURE SALE (NOW CANCELLED)

**DATE:**        September 6, 2016

**TIME:**        The sale will begin at 1:00 pm local time or not later than three hours after that time

**PLACE:**        Webb County Courthouse , Texas, at the following location: THE AREA JUST OUTSIDE THE NORTHWEST (PARKING GARAGE) 1ST FLOOR ENTRANCE TO THE WEBB COUNTY JUSTICE CENTER, 1110 VICTORIA STREET, LAREDO, WEBB COUNTY, TEXAS 78040 OR AS DESIGNATED BY THE COUNTY COMMISSIONER'S OFFICE, or if the preceding area is no longer the designated, at the area most recently designated by the Webb County Commissioner's Court.

**Terms of Sale:** The foreclosure sale will be conducted as a public auction and the Property will be sold to the highest bidder for cash, except that Beneficiary's bid may be by credit against the indebtedness secured by the lien of the Deed of Trust.  If the sale is set aside for any reason, the highest bidder at the sale shall be entitled only a return of the funds deposited.  The highest bidder shall have no further recourse against the Borrower, Lender, Beneficiary or Beneficiary's attorneys, trustees or agents.

Default has occurred in the payment of the Note and in the performance of the obligations of the Deed of Trust, including but not limited to, failure to pay property taxes, and default under the chapter 13 payment plan, case no. 13-50188, U.S. Dist. Crt. Co. Dist. of Texas.  Because of those defaults, Beneficiary, the owner and holder of the Note, has requested Substitute Trustee to sell the Property, and pursuant to the Order on Plaintiff's Motion for Default Final Judgment entered on June 23, 2016 and recorded on July 6, 2016 in Book 4072, Page 438 as Document No. 1269138 with the Register's Office. The Deed of Trust may encumber both real and personal property. Formal notice is hereby given of Beneficiary's election to proceed against and sell both the real property and any personal property described in the Deed of Trust in accordance with Beneficiary's rights and remedies under the Deed of Trust and section 9.604(a) of the Texas Business and Commerce Code.

Therefore, notice is given that on and at the Date, Time, and Place for the Foreclosure Sale described above, Substitute Trustee will sell the Property in accordance with the Terms of Sale described above, the Deed of Trust, and applicable Texas law.

If Beneficiary passes the Foreclosure Sale, notice of the date of any rescheduled foreclosure sale will be reposted and refiled in accordance with the posting and filing requirements of the Deed of Trust and the Texas Property Code.

The Foreclosure Sale will be made expressly subject to any title matters set forth in the Deed of Trust, but prospective bidders are reminded that by law the Foreclosure Sale will necessarily be made subject to all prior matters of record affecting the Property, if any, to the extent that they remain in force and effect and have not been subordinated to the Deed of Trust. For the avoidance of doubt, the Foreclosure Sale will not cover any part of the Property that has been released of public record from the lien and/or security interest of the Deed of Trust by Beneficiary. **Prospective bidders are strongly urged to examine the applicable property records to determine the nature and extent of such matters, if any.**

**Pursuant to section 51.009 of the Texas Property Code, the Property will be sold "AS IS," without any expressed or implied warranties, except as to the warranties (if any) provided for under the Deed of Trust, and at purchaser's own risk. Prospective bidders are advised to conduct an independent investigation of the nature and physical condition of the Property.**

Pursuant to section 51.0075(a) of the Texas Property Code, Substitute Trustee reserves the right to set further reasonable conditions for conducting the Foreclosure Sale. Any such further conditions shall be announced before bidding is opened for the first sale of the day held by Substitute Trustee.

## ACTIVE MILITARY SERVICE NOTICE

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**I, MONIQUE GARCIA, SUBSTITUTE TRUSTEE, HEREBY GIVE NOTICE THAT THE ABOVE-NOTICED TRUSTEE'S SALE AS SCHEDULED ON THAT DATE IS CANCELLED. I RESERVE THE RIGHT TO RE-SCHEDULE THE SALE OR PURSUE BY ANY OTHER LAWFUL MEANS THE FORECLOSURE OF THE ABOVE-REFERENCED DEED OF TRUST. THIS NOTICE OF CANCELLATION SHALL NOT CONSTITUTE OR BE CONSTRUED AS A WAIVER OF ANY DEFAULT, MATURITY, OR ANY RIGHTS OR REMEDIES**

**THAT LENDER HAS UNDER THE ABOVE-REFERENCED INSTRUMENTS, AT LAW, OR EQUITY.**


Monique Garcia, Esq., Substitute Trustee
Jones Walker LLP
2711 North Haskell Ave, Ste 470, LB 41
Dallas, TX 75204
305-679-5743 / 214-515-7500

Dated:   August 31, 2016

The foregoing instrument was acknowledged before me on _____, 2016, by Monique Garcia, individually. She is personally known to me and did not take the oath.


Print Name of Notary Public: _____
My Commission Expires: _____
(SEAL)

Notary Public State of Florida
Theresa M Snow
My Commission FF 064371
Expires 10/20/2017

```
Label Matrix for local noticing        5                                       AT & T Mobility II LLC
0541-5                                  United States Bankruptcy Court          c/o AT & T Services, Inc
Case 16-50181                           1300 Victoria Street                    Karen Cavagnaro, Paralegal
Southern District of Texas              Laredo, TX 78040-5019                   One AT & T Way, Room 3A104
Laredo                                                                          Bedminister, NJ 07921
Tue Oct 11 10:03:52 CDT 2016

Action Card                             (p)APPLIED BANK                         Capital One Bank (USA), N.A.
c/o Jefferson Capital                   PO BOX 15809                            PO Box 71083
P.O. Box 7999                           WILMINGTON DE 19850-5809                Charlotte, NC  28272-1083
Saint Cloud, MN 56302-7999



Capital One, N.a.                       Chase Bank USA NA                       Compass Bank
P.O. Box 71083                          c/o Midland Funding                     c/o Portfolio Recovery
Charlotte, NC 28272-1083                8875 Aero Dr. Ste. 200                  PO Box 41067, Attn: Bankruptcy
                                        San Diego, CA 92123-2255                Norfolk, VA 23541-1067



HSBC Bank Nevada NA                     INTERNAL REVENUE SERVICE                Jones Walker LLP
c/o Portfolio Recovery                  P O Box 7346                            2711 North Haskell Ave. Ste. 470, LB 41
PO Box 41067, Attn: Bankruptcy          Philadelphia PA 19101-7346             Dallas, TX 75204-2911
Norfolk, VA 23541-1067



Law Office of Carl M. Barto             RREF CB SBL II-TX CA, LLC               Southwestern Bell Telephone Company
817 Guadalupe                           c/o Jones Walker LLP                    c/o AT & T Services, Inc.
Laredo, TX 78040-5251                   2711 North Haskell Ave. Ste. 470, LB 41 Karen A. Cavagnaro-Legal Paralegal
                                        Dallas, TX 75204-2911                   One AT & T Way, Room 3A104
                                                                               Bedminister, NJ 07921



US Trustee                              Carl Michael Barto                      Charalabos G. Athanatus
Office of the US Trustee                Law Office of Carl M. Barto             820 Garza St. Apt. B,
515 Rusk Ave                            817 Guadalupe St.                       Laredo, TX 78040-4826
Ste 3516                                Laredo, TX 78040-5251
Houston, TX 77002-2604


William E. Heitkamp
Office of Chapter 13 Trustee
9821 Katy Freeway
Ste 590
Houston, TX 77024-1294
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Applied Bank                            End of Label Matrix
601 Delaware Ave                        Mailable recipients    18
Wilmington, DE 19801                    Bypassed recipients     0
                                        Total                  18
```